**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NATHANIEL ALAN PONCE, | Case No. ED CV 12-1560 JCG |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER** |
| CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,[1] | |
| Defendant. | |

Nathaniel Alan Ponce ("Plaintiff") challenges the Social Security Commissioner's ("Defendant") decision denying his application for disability benefits. Specifically, Plaintiff contends that the Administrative Law Judge ("ALJ") improperly rejected the opinion of his treating physician. (Joint Stip. at 4-6, 21-23.) The Court agrees with Plaintiff for the reasons stated below.

    A.    <u>An ALJ Must Provide Specific and Legitimate Reasons to Reject the Contradicted Opinion of a Treating Physician</u>

"As a general rule, more weight should be given to the opinion of a treating source than to the opinion of doctors who do not treat the claimant." *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995); *accord Benton ex rel. Benton v. Barnhart*,

---

[1] Carolyn W. Colvin is substituted as the proper defendant herein. *See* Fed. R. Civ. P. 25(d).

1  331 F.3d 1030, 1036 (9th Cir. 2003).  This is so because a treating physician "is
2  employed to cure and has a greater opportunity to know and observe the patient as
3  an individual." *Sprague v. Bowen*, 812 F.2d 1226, 1230 (9th Cir. 1987).
4       Where the "treating doctor's opinion is contradicted by another doctor, the
5  [ALJ] may not reject this opinion without providing specific and legitimate reasons
6  supported by substantial evidence in the record[.]"  *Lester*, 81 F.3d at 830 (internal
7  quotation marks and citation omitted).  The ALJ can meet the requisite specific and
8  legitimate standard "by setting out a detailed and thorough summary of the facts and
9  conflicting clinical evidence, stating his interpretation thereof, and making findings."
10 *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989) (internal quotation marks
11 and citation omitted).

     B.    <u>The ALJ Failed to Provide Specific and Legitimate Reasons for Rejecting the Opinion of Plaintiff's Treating Physician</u>

14      Here, the ALJ provided three reasons for rejecting the opinion of Dr. Thomas
15 Jackson.  ( *See* Administrative Record "AR" at 26.) The Court addresses, and rejects,
16 each reason below.
17      First, the ALJ found that Dr. Jackson's assessment "is inconsistent with the
18 treatment records and evidence as a whole." (*Id*.)  This characterization, however, is
19 inaccurate.  The claimant was treated at San Bernadino Department of Behavioral
20 Health from 2001-2009 for disciplinary referrals, impulse control problems, and
21 poor familial relationships.  (*Id*. at 16, 290-328.)  There, he was diagnosed with the
22 same disorders that Dr. Jackson indicated, namely, bipolar disorder, learning
23 disabilities, ADHD, and pervasive development disorder.  (*Id*. at 25, 300.)  Further
24 the Social Security Administration's own consultative examiner, Dr. Adam Cash,
25 reached similar conclusions to Dr. Jackson regarding Plaintiff's cognitive functions.
26 (*See id*. at 261, 340-44.)  Both doctors found that Plaintiff was limited in his ability
27 to carry out detailed instructions, maintain concentration for extended periods of
28

time, sustain an ordinary routine, complete a normal workday, and interact with the public. (*Id.*) As such, the ALJ erred in rejecting Dr. Jackson's opinion as unsupported by the record.

Second, the ALJ found that Dr. Jackson's opinion is "inconsistent with his own mental status examination on February 24, 2010." (*Id*. at 26.) However, by focusing on one exam, the ALJ misunderstood the episodic nature of Plaintiff's condition. *See Agyeman v. I.N.S.*, 296 F.3d 871, 881 (9th Cir.2002) ("[b]ipolar disorder is a severe psychiatric illness marked by *episodes* of mania and depression [and] impairment of functioning") (emphasis added). While Plaintiff had an unremarkable exam in February 2010, a November 2007 exam showed dysphoric mood, poor judgment, and impaired impulse control. (AR at 256.) A December 2007 evaluation showed an anxious and angry mood, as well as poor social skills and impulse control. (*Id.* at 254.) In February 2009, Plaintiff was depressed. (*Id*. at 241.) In June 2009, a behavioral report described impairments in Plaintiff's ability to follow instructions, concentrate, and get along with coworkers, while a state agency consultant found that he should not work with the public. (*Id.* at 274, 280.) Here too, the ALJ lacked a valid reason for rejecting Dr. Jackson's opinion.

Third, the ALJ found that Dr. Jackson's assessment "is inconsistent with the claimant's testimony regarding his life activities." (*Id*. at 27.) However, the ALJ oversimplified Plaintiff's abilities and omitted evidence describing Plaintiff's difficulties in performing those activities. For instance, Plaintiff completed high school only after failing the exit exam six times.[2] (*Id*. at 51.) While he currently takes college classes in cooking and tai chi, he "struggles badly," requires extra supervision, and fails to concentrate. (*Id.* at 61-63.) Plaintiff testified that he has

---

[2]  Plaintiff sat for the California High School Exit Exam six times before he passed the English portion. (*Id*. at 51.) He never passed the math portion. (*Id*.) However, a year after his sixth effort, the State changed the rules to allow students to graduate if they passed either portion. (*Id*.) Plaintiff received a retroactive diploma. (*Id*.)

3

1 | some friends, mostly over the internet, however he also described frequent mood
2 | swings that cause him to lash out at friends, family, and fellow students.  (*Id.* at 65.)
3 |      Further, the ALJ focused a great deal on Plaintiff's ability to play video games
4 | and use Facebook.  (*Id*. at 24.)  However, these activities are not so physically or
5 | mentally demanding that any inconsistencies with Dr. Jackson's opinion are
6 | apparent.  At a minimum, to satisfy the specific and legitimate standard, the ALJ
7 | should have offered some sort of explanation as to why such evidence is truly
8 | inconsistent.  *See Magallanes*, 881 F.2d at 751.  Absent such a showing, this reason
9 | does not pass muster.
10 |      Accordingly, for the reasons stated above, the ALJ improperly discredited the
11 | treating opinion of Dr. Jackson.  The Court thus determines that the ALJ's decision
12 | is not supported by substantial evidence.  *Mayes v. Massanari*, 276 F.3d 453, 458-59
13 | (9th Cir. 2001).
14 |     C.    <u>Remand is Warranted</u>
15 |      With error established, this Court has discretion to remand or reverse and
16 | award benefits.  *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989).  Where no
17 | useful purpose would be served by further proceedings, or where the record has been
18 | fully developed, it is appropriate to exercise this discretion to direct an immediate
19 | award of benefits.  *See Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004).
20 | But where there are outstanding issues that must be resolved before a determination
21 | can be made, or it is not clear from the record that the ALJ would be required to find
22 | plaintiff disabled if all the evidence were properly evaluated, remand is appropriate.
23 | *See id.* at 594.
24 |      Here, in light of the ALJ's error, Dr. Jackson's credibility must be properly
25 | assessed.  Therefore, on remand, the ALJ shall reevaluate the opinion of Dr. Jackson

4

and either credit it as true, or provide valid reasons for any portion that is rejected.[3]

Dated: January 16, 2014

_____
Hon. Jay C. Gandhi
United States Magistrate Judge

---

[3] In light of the Court's remand instructions, it is unnecessary to address Plaintiff's remaining contentions. (*See* Joint Stip. at 7-11, 23-29, 35-40.)